E-FILED
Tuesday, 15 May, 2007  11:13:41 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  03-30049 |
| | ) | |
| RICHARD E. BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Richard Baker's Motion for New Trial Pursuant to Rule 33(a), Federal Rules of Criminal Procedure (Newly Discovered Evidence) (d/e 146).  For the reasons set forth below, Baker's request for a new trial is denied.

On August 20, 2004, Baker was convicted, following a jury trial, of three counts of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  On December 20, 2004, Baker was sentenced by United States District Judge Richard Mills to 234 months imprisonment on each count of conviction, with the sentences to run concurrently.  Judgment (d/e 133) was entered on December 21, 2004.  Baker appealed his

convictions, and the United States Court of Appeals for the Seventh Circuit affirmed in an Opinion dated February 17, 2006. <u>Mandate of USCA (d/e 145)</u>. On May 1, 2007, Baker filed the instant Motion for New Trial. The matter was transferred to this Judge by Text Order dated May 7, 2007.

Baker asserts that he is entitled to a new trial based on newly discovered evidence. Under Federal Rule of Criminal Procedure 33(a): "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion for a new trial based on newly discovered evidence must be filed within three years after the verdict or finding of guilty. <u>Fed. R. Crim. P.</u> 33(b)(1). Baker's Motion is timely, and the Court will consider its merits.

Baker asserts that he has recently discovered: (1) evidence that he was mentally incompetent to stand trial, and (2) impeaching evidence against a police officer who testified against him at his trial. In order to succeed on his Motion, Baker must "show that the new evidence: 1) came to his knowledge only after trial; 2) could not have been discovered any sooner using due diligence; 3) is material and not merely impeaching or cumulative; and 4) probably would lead to an acquittal in the event of a new trial." <u>United States v. Hodges</u>, 315 F.3d 794, 801 (7th Cir. 2003). None of the

allegedly new evidence upon which Baker relies meets this standard.

Baker asserts that he exhibited rectal bleeding from the time he was taken into custody in February 2003 through the time of his sentencing. According to Baker, trial counsel requested that Baker receive immediate medical attention for this condition prior to trial, but no treatment was received. Baker asserts that, upon his post-sentencing entry into the Federal Bureau of Prisons in March 2005, he received a comprehensive physical exam, which revealed that his hemoglobin level was 6. According to Baker, a level 6 is "not compatible with sustaining life." Motion for New Trial, p. 3. Testing revealed that Baker was suffering from cancer of the colon and small intestine. Baker underwent surgery, during which "a soft ball size tumor was removed, along with 6 inches of his colon." Id. Baker asserts that the doctors informed him that the part of his colon that was removed was responsible for absorbing Vitamin B-12 into the body. Baker contends that he must now receive Vitamin B-12 by injection. According to Baker, the doctors informed him that without the shots, he would not remain sane because Vitamin B-12 is necessary for the human brain to function properly.

Baker further asserts that he "had a brain condition that caused black outs and memory lapses. This was a condition or disorder that rendered

him incapable of fully understanding the charges made against him, and made it impossible for him to understand or consult with his attorney." Motion for New Trial, p. 4.  Baker also notes that he had been diagnosed in 1979 with manic depression, borderline psychological disorder.

Baker argues that the medical evidence obtained in March 2005 shows that he was "mentally unstable at trial from lack of blood and proper Vitamin B-12 levels." Motion for New Trial, p. 4.  According to Baker, the cancer prevented his colon and small intestine from functioning properly, leaving him in a Vitamin B-12 deficient state.  Baker, however, points to no newly discovered evidence to show that he was suffering from these conditions at the time of his trial.  Additionally, and significantly, Baker presents no newly discovered evidence relating to his competency at the time of his trial.  Baker fails to show that the evidence relating to his black outs, memory lapses, depression or psychological disorder is newly-discovered, i.e., that it came to his knowledge only after trial.  Moreover, while the evidence that Baker was suffering from low hemoglobin levels and cancer in March 2005 was discovered post-trial, it is not material to the question of Baker's competency to stand trial, nor would it tend to lead to acquittal in the case of a new trial.  Baker's request for relief based on

medical evidence is denied.

Baker further contends that he recently discovered evidence that one of the police officers who testified against him at trial in the instant case lied under oath about the credibility of a confidential informant to obtain a search warrant for the home and office of an individual who was a co-defendant of Baker's in a state drug prosecution.  Baker asserts that, had it been introduced, the evidence of the officer's lying under oath would have resulted in an acquittal on all of the federal firearms charges.  This evidence, however, is merely impeaching evidence.  It, therefore, cannot serve as a basis for a new trial under Rule 33.  Baker's request for relief on this basis is denied as well.

THEREFORE, for the reasons set forth above, Defendant Richard Baker's Motion for New Trial Pursuant to Rule 33(a), Federal Rules of Criminal Procedure (Newly Discovered Evidence) (d/e 146) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:  May 15, 2007.

FOR THE COURT:

_____s/  Jeanne E. Scott_____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE